UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE ZINC ANTITRUST LITIGATION** | Case No. 14 Civ. 3728 (PAE) |

### FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS GLENCORE LTD. AND ACCESS WORLD (USA) LLC

WHEREAS, Oklahoma Steel and Wire Co., Inc. ("Oklahoma Steel"); Iowa Steel and Wire Co. ("Iowa Steel"); Southwestern Wire, Inc. ("Southwestern"); and Jasper Materials, Inc. ("Jasper") (collectively, "Plaintiffs") on behalf of themselves and the other Settlement Class Members, and defendants Glencore Ltd. ("Glencore") and Access World (USA) LLC (f/k/a Pacorini Metals USA, LLC) ("Access World") (the "Defendants," and together with Plaintiffs, the "Parties"), have determined to settle all claims asserted against Defendants and their predecessors, successors, assigns, subsidiaries, and affiliates in this Action[1] with prejudice on the terms and conditions set forth in the Settlement Agreement dated July 6, 2021 (ECF No. 300-1) (the "Settlement Agreement"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

---

[1] As defined in the Settlement Agreement, the "Action" means *In re Zinc Antitrust Litigation*, 14 Civ. 3728, which is currently pending in the United States District Court for the Southern District of New York, and includes all actions filed in or transferred to the United States District Court for the Southern District of New York and consolidated thereunder and all actions that may be so transferred and consolidated in the future.

WHEREAS, by Order dated August 18, 2021 (ECF No. 306) (the "Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to the Settlement Class; (iii) provided Settlement Class Members with the opportunity to object to the proposed Settlement; (iv) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class; and (v) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on February 16, 2022 (the "Fairness Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice against Defendants; and

WHEREAS, the Court having considered all papers filed and proceedings held herein in connection with the Settlement, and all oral and written comments received regarding the Settlement and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. **Jurisdiction**. This Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreement, including all Settlement Class Members.

2. **CAFA Notice**. The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

3. **Class Certification for Settlement Purposes**. The requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and based on the record before the Court,

2

the Court hereby finally certifies, for the purposes of settlement only, the following Settlement Class:

> All persons and entities that purchased LME U.S. Zinc and paid the Platts Zinc MW SHG Premium or similar price premium in the United States from a primary zinc producer or a Defendant from September 14, 2010 to February 11, 2016. Specifically excluded from the Settlement Class are Defendants and all other defendants named in the Corrected and Consolidated Amended Complaint, filed September 28, 2015 (ECF No. 138),[2] and their officers, directors, management, employees, subsidiaries, or affiliates and all federal governmental entities.

4. The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied solely for settlement purposes, as follows:

    a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Rule 23(a)(2), the Court determines that Plaintiffs have alleged one or more questions of fact or law common to the Settlement Class;

    c. Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are typical of the claims of the Settlement Class;

    d. Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class;

    e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members; and

    f. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of the proposed settlement, a class action is superior to other available methods for the fair and efficient adjudication of this Action.

---

[2] Goldman Sachs International; GS Power Holdings LLC; MCEPF Metro I, Inc.; Mitsi Holdings LLC; Metro International Trade Services, LLC; JP Morgan Securities plc; JP Morgan Ventures Energy Corporation; and Henry Bath LLC.

5. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the following counsel are certified as Settlement Class Counsel for the Settlement Class:

| | |
|---|---|
| Joseph H. Meltzer<br>Kessler Topaz Meltzer & Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>www.ktmc.com | Christopher Lovell<br>Lovell Stewart Halebian Jacobson LLP<br>500 5th Avenue, Suite 2440<br>New York, NY 10110<br>www.lshllp.com |
| Linda P. Nussbaum<br>Nussbaum Law Group, P.C.<br>1211 Avenue of the Americas, 40th Floor<br>New York, NY 10036<br>www.nussbaumpc.com | Solomon B. Cera<br>Cera LLP<br>595 Market Street, Suite 1350<br>San Francisco, CA 94105<br>www.cerallp.com |

6. Plaintiffs are certified as class representatives on behalf of the Settlement Class.

7. **Settlement Notice**. The Court finds that the dissemination of the Notice and the publication of the Publication Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (a) the effect of the proposed Settlement (including the Releases to be provided thereunder); (b) Settlement Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (c) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Settlement Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses; and (d) their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

8. **Final Settlement Approval and Dismissal of Claims.** Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is fair, reasonable, and adequate, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and Rule 23(e)(2) of the Federal Rules of Civil Procedure. Moreover, the Court concludes that:

   a. the settlement as set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and is the result of vigorous arm's-length negotiations undertaken in good faith;

   b. the Action involves contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

   c. success in antitrust cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

   d. Settlement Class Counsel's judgment that the settlement as set forth in the Settlement Agreement is fair and reasonable, and the Settlement Class Members' reaction to the settlement is entitled to great weight.

9. The distribution of the Notice and the publication of the Publication Notice as provided for in the Preliminary Approval Order constitutes the best notice practicable under the

circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and constitutes valid, due, and sufficient process, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

10. The Court hereby grants final approval of the Plan of Allocation on the basis that it is fair, reasonable, and adequate.

11. The Action and all claims contained therein, as well as all of the Released Claims, against any of the Released Parties by the Plaintiffs, Settlement Class Members, and Releasing Parties are hereby dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

12. The Court's determination as to any fee and expense application and/or Plan of Allocation shall in no way disturb or affect this Final Judgment and Order of Dismissal and shall be considered separate from this Final Judgment and Order of Dismissal.

13. **Binding Effect**. The terms of the Settlement Agreement and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such.

14. **Releases**. Upon the Effective Date, each of the Releasing Parties: (a) shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal, shall have fully, finally, and forever waived, released, relinquished, and discharged (i) all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim and release form, and (ii) any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws; (b) shall forever be enjoined from

prosecuting in any forum any Released Claim against any of the Released Parties; and (c) agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

15. This Final Judgment and Order of Dismissal shall not affect, in any way, the right of Plaintiffs or Settlement Class Members to pursue claims, if any, outside the scope of the Released Claims.

16. **No Admissions**. Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement:

   a. shall be offered against any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted, in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

   b. shall be offered against any of the Releasing Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Parties that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Plaintiffs' Third Amended Class Action Complaint and Jury Trial Demand would not have exceeded the Settlement Amount or

with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; or

      c.      shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

***Provided, however,*** that the Parties and the Released Parties and their respective counsel may refer to this Judgment and the Settlement Agreement to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

17.    The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.    **Retention of Jurisdiction.** Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, expenses, and service awards to Plaintiffs in

the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the terms of the Settlement Agreement.

19. **Rule 11 Findings**. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. **Termination of Settlement**. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants in accordance with the Settlement Agreement, then this Final Judgment and Order of Dismissal shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

21. If the settlement set forth in the Settlement Agreement is terminated pursuant to the Settlement Agreement, then the Settlement Agreement (including any amendment(s) thereto) and this Final Judgment and Order of Dismissal shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Party shall be restored to his, her, or its respective position as it existed 90 days prior to the execution of the Settlement Agreement.

22. Except as otherwise provided herein, in the event the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to the Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of 90 days prior to the Execution Date, and, except as otherwise expressly provided

herein, the Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of Defendants, together with any interest earned thereon, less any Taxes due and notice costs actually incurred up to $100,000, if any, with respect to such income, shall be returned to Defendants within ten (10) business days from the date of the event causing such termination. At the request of Defendants' Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and/or the Notice and Administration Fund and pay the proceeds to Defendants.

23. **Modification of the Settlement Agreement**. Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

24. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed pursuant to Federal Rule of Civil Procedure 54(b) to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

DATED: February 16, 2022

_____
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE